IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-392-3 (RCL) |
| | : | |
| | : | |
| ERIK WARNER | : | |

### DEFENDANT WARNER'S MOTION FOR SEVERANCE

Mr. Erik Warner, through his attorney, Kira Anne West, and pursuant to Rule14(a) of the Federal Rules of Criminal Procedure, hereby respectfully moves this Honorable Court for the entry of an Order of severance for trial. Mr. Warner requests a separate trial be ordered for him apart from co-defendant Alan Hostetter. In support of this motion, the following is stated:

Trial in this case is scheduled for July 6, 2023. As this Court well knows, one of the defendants, Mr. Alan Hostetter, has been allowed to proceed *pro se*. Federal Rule of Criminal Procedure 14(a) allows that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the Court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Mr. Warner believes that by allowing Mr. Hostetter to proceed to trial *pro se* with the other five defendants, it will irreparably prejudice Mr. Warner (and

1

his co-defendants), in as much as Mr. Hostetter's lack of legal training and utter lack of trial experience will likely be seen as unseemly, and/or confuse the jury, and/or blur the issues before the jury thus compromising Mr. Warner's right to a fair trial. And, not knowing the federal rules of criminal procedure and/or the federal rules of evidence, (which has been illustrated repeatedly in previous status conferences), the Court or his stand by counsel will have to constantly educate Mr. Hostetter on these vital rules which will cause undue delay in the trial prejudicing the other defendants, as well as the prejudicial spillover effect of his false steps, fumbling, etc.

    Mr. Hostetter "may conduct his own defense ultimately to his own detriment," *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1976), but his co-defendants should not likewise be deprived of their right to a fair trial by his doing so. Besides, Mr. Warner never knew who Mr. Hostetter was until he was indicted in this case. There are no facts that will be presented at trial that connect Mr. Warner to Mr. Hostetter.

    The U.S. Supreme Court has made clear that severance should be ordered when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In *United States v.Tucker*, 12 F.4th 804, 815-16 (D.C. Cir. 2021) the D.C. Circuit considered the District Court's decision to deny a defendant's mid-trial decision to proceed *pro se* based on potential prejudice to co-defendants. When affirming the District Court's decision to deny the defendant's request to proceed *pro se*, The D.C. Circuit observed "A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice." *Citing United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983) *Id.* at 816. *See also, United States v. Maxwell,* No. 5:15-cr-35-2, 2017 WL 6055785, at* 1 (M.D. Ga. Feb. 2, 2017)(granting motion to sever where pro se defendant had a history of disruptive behavior). Severing Mr. Hostetter from the trial of Mr. Warner and his co-defendants at this time (some five months before commencement of trial) will undoubtedly provide Mr. Hostetter with additional time to review discovery and further prepare for his *pro se* defense at his separate trial.

Notwithstanding the presence of stand-by counsel, there is a distinct possibility that Mr. Hostetter's conduct at trial will be unseemly, confusing and he will otherwise blur the issues before the jury. This type of prejudice to Mr. Warner (and to his co-defendants should) not be allowed by this Court. Fed. R. Crim.P. Rule 14(a) safeguard defendants from the prejudicial effects of joined

defendants and, as argued herein, even more so when a co-defendant is proceeding to trial *pro se*.

There is precedent for this Court to grant severance in a J6 case. In two recent cases, *United States v. Doolin*, 21 CR 447 (CJN)1 and *United States v. James Beeks*, 21 CR 00028 (APM)2, severance was granted due to the presence of a *pro se* defendant.

WHEREFORE for the foregoing reasons and such other reasons that may appear just and proper, defendant Erik Warner, respectfully requests that his motion for a trial severance be granted and a separate trial be ordered for him apart from co-defendant Alan Hostetter.3

Respectfully submitted,

KIRA ANNE WEST

By:     /s/
Kira Anne West
DC Bar No. 993523
712 H Street N.E., Unit 509
Washington, D.C. 20002
Phone: 202-236-2042
kiraannewest@gmail.com
Attorney for Mr. Warner

---

1 *See* minute order entered January 25, 2023.
2 There has not been a minute order entered on the docket but undersigned counsel spoke to defense counsel for defendant Beeks who informed her that the motion to sever was granted on the record last week.
3 Undersigned counsel emailed counsel for the government in the late hours this afternoon but did not hear back from them regarding their position on the motion.

**CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of January, 2023, a copy of same was delivered to the parties of record pursuant to the Covid standing order and the rules of the Clerk of Court.

/S/

Kira Anne West