## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ALAN HOSTETTER,** | : | |
| **RUSSELL TAYLOR,** | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES' RESPONSE TO
### DEFENDANT WARNER'S MOTION FOR SEVERANCE

The United States of America, by and through its undersigned attorneys, respectfully

submits this response to Defendant Warner's Motion for Severance (ECF No. 165).  The Parties

have jointly proposed a schedule for briefing of motions for severance and for adjudication of

any defense waivers of jury trial.  Because the Court and the United States can best consider any

such motions only after *all* such motions have been filed—or after Defendants have elected not

to file such motions—the United States requests that the Court not require a response from the

United States until March 24, 2023, as anticipated by the Proposed Pretrial Schedule.

Alternatively, if the Proposed Pretrial Schedule is not adopted, the United States requests that the

Court require a response to this motion only after a Court-imposed deadline has run for all

Defendants to move to sever and file a written waiver of jury trial.

As background, on December 21, 2021, Defendant Hostetter filed a Motion To Sever, *see*

ECF No. 100, which the United States opposed on January 7, 2022, *see* ECF No. 109, following

an order from the Court requiring a response, *see* ECF No. 101.  The Court has not yet ruled on Defendant Hostetter's motion.

At a December 2, 2022, status conference, the Court required the Parties to confer on a proposed Joint Pretrial Schedule.  *See* December 2, 2022, Minute Entry.  The Parties—other than Defendant Hostetter—did so, and filed a Proposed Pretrial Scheduling Order on January 13, 2023.  *See* ECF No. 164-1.  As part of that Proposed Pretrial Scheduling Order, those Parties— including Defendant Warner—proposed the following:

> **The Parties shall file any motions to sever**, motions to suppress, motions to dismiss the indictment or counts therein, or motions to change venue, if any, **by March 10, 2023**; **oppositions shall be filed by March 24, 2023**; **and replies shall be filed by March 31, 2023.**

*Id.* (emphases added).  The Court has not yet entered a pretrial scheduling order.

On January 27, 2023, Defendant Warner filed a Motion for Severance.  *See* ECF No. 165. Based on the language in Defendant Warner's motion, the United States understands Defendant Warner to be seeking a severance for a trial "apart from co-defendant Alan Hostetter."  *Id.* at 1. The United States does not interpret this motion to oppose Defendant Warner being tried with any other codefendant.  Likewise, the United States understands that Defendant Warner's motion has not, as of the date of this filing, been joined by any other codefendant.

It is beneficial to the United States and other Defendants that Defendant Warner's position has been made clear ahead of the schedule that has been proposed to the Court, so that all Parties may consider it in forming their positions.  However, the United States submits that it would be premature for the United States to respond substantively to this motion, or for the Court to rule, until (1) a deadline has passed for all Defendants to file any severance motions

2

they will make, and (2) a deadline has passed for any Defendant who wishes not to proceed by jury trial to file a written waiver of jury trial.[1]

Given that judicial economy is one of the principal justifications for joinder, prior to responding to this motion, the United States should have the benefit of knowing whether any other Defendant seeks to be severed from Defendant Hostetter, Defendant Warner, or any other codefendant or combination of codefendants.  Likewise, the United States should have the benefit of knowing whether Defendant Warner, Defendant Hostetter, or any other Defendant will ultimately seek to waive his right to a jury trial.  The Parties recognized the benefit of considering these issues together when they jointly proposed a single deadline for Defendants to opine on both severance and waiver of jury trial, and a single deadline for the United States to respond.  The Court should adopt either the proposed pretrial schedule or a pretrial schedule similarly structured on this point, so that the United States, and the Court, may consider the positions of all Defendants at once.

For the foregoing reasons, the United States requests that the Court set a deadline for response to Defendant Warner's Motion for Severance in accordance with the Proposed Pretrial Schedule or on another date following deadlines for each Defendant to state his position on both severance and waiver of jury trial.  Alternatively, the United States requests the Court clarify the schedule on which it would require a substantive response[2] by the United States.

---

[1] The Proposed Pretrial Scheduling Order sets a deadline for *both* such filings of March 10, 2023, with responses by the United States due March 24, 2023.

[2] At this date, absent additional information or reasoning from other defendants, the United States would oppose severing Defendant Warner.  Decisions on severance rest in the sound discretion of the district court, with "the balance generally to be struck in favor of joint trials." *United States v. McGill*, 815 F.3d 846, 924 (D.C. Cir. 2016) (quoting *United States v. Slade*, 627 F.2d 293, 309 (D.C. Cir. 1980)).  Where, as here, trial will involve presentation of related and integrated evidence by the same witnesses regarding the same charged crime, joint trials are more favored.  *Id.*  The issues Defendant Warner raises—that Defendant Hostetter's *pro se case*

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/ Anthony W. Mariano
        Anthony W. Mariano, MA Bar No. 688559
        Thomas T. Ballantine, California Bar No. 208193
        Trial Attorneys, Detailees
        United States Attorney's Office
        for the District of Columbia
        601 D Street NW
        Washington, DC 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov
        (202) 532-3048
        Thomas.Ballantine@usdoj.gov

---

will be "unseemly" and "confusing"—are speculative and unsupported.  Moreover, they are not issues likely to deny Defendant Warner a fair trial, which is the condition that triggers mandatory severance.  *Id.* at 925.  The United States believes the Court's instructions to the jury will ensure that each defendant's conduct will be considered independently.  At present, the United States believes a joint trial is in the interests of justice.