UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-392-5 (RCL) |
| v. : | |
| : | |
| DEREK KINNISON, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR
REIMBURSEMENT OF FEES AND RESTITUTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, responds to Derek Kinnison's motion for return of the $350 assessment and the $2000 restitution levied against him as part of the sentence that followed his trial conviction. ECF Nos. 376 at 1-3, 472 at 7. The restitution was to be directed to the Architect of the Capitol. ECF No. 472 at 7.

Kinnison appealed his conviction. ECF No. 480. While the case was on appeal, President Trump pardoned him, among others. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). Under the President's executive order directing the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021, *id.*, the government moved the D.C. Circuit to vacate Kinnison's convictions and to remand the case to this Court for dismissal with prejudice under Federal Rule of Criminal Procedure 48(a). On February 11, 2025, the D.C. Circuit vacated this Court's judgment and remanded with instructions to dismiss the case as moot. ECF No. 528. This Court dismissed the case as moot on February 13. ECF No. 529.

Kinnison has now moved for an order requiring the Clerk of the Court to refund the special assessment and restitution that he paid. ECF No. 531.[1] The government agrees that Kinnison is entitled to the return of those funds. Generally, a pardon "does not make amends for the past. It affords no relief for what has been suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153-54 (1877). As a result, a pardon does not "affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Id.* at 154. When that occurs, "[t]he rights of the parties have become vested, and are as complete as if they were acquired in any other legal way. So, also, if the proceeds have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.*; *see also Ex parte Garland*, 71 U.S. 333, 381 (1867) ("There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.").

Thus, for example, in *Fordham v. Georgia Department of Admin. Services*, No. 23-11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), the Eleventh Circuit rejected a defendant's request for "reimbursement of the restitution payments he made before his pardon[.]" *Id.* at *1. The district court in that case had "properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments." *Id.* at *2. But as to the restitution payments that the defendant had completed, "[t]he district court transferred all restitution monies to the victims, so the property

---

[1] Kinnison's co-defendant Erik Warner moved to join and adopt Kinnison's motion for refund. ECF No. 534. Insofar as the merits appear to coincide as to both defendants, the Government does not oppose that motion and, if it is granted, will submit a response that parallels this one.

rights to those funds have fully vested in the Department and Great American. . . . In short, the money Fordham seeks is long gone. Allowing him to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court." *Id.*; *see also Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *5 (Fed. Cl. June 27, 2024) (dismissing, for lack of subject matter jurisdiction, Tucker Act claim brought by pardoned plaintiff who sought a refund of all financial penalties collected; explaining that the "pardon power is not money-mandating when the property at issue has vested in third parties").

Here, however, Kinnison was not just pardoned. Instead, while his case was on appeal, the government moved to vacate his convictions, which the D.C. Circuit granted, and this Court subsequently dismissed the case as moot. In this unusual situation, the Supreme Court's decision in *Nelson v. Colorado*, 581 U.S. 128 (2017), controls. There, the Court addressed the question: "When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction?" *Id.* at 130. The Court found that it was. *Id.* The Court held that, "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Id.* at 139; *see also Boultbee v. United States,* No. 23-1884, 2024 WL 3220261, at *4 (Fed. Cl. June 27, 2024) (*"Nelson* involved individuals whose convictions were invalidated on appellate review, not pardons").

Relying on *Nelson*, courts of appeals have held that, when a defendant dies during the pendency of the appeal, his estate is entitled to a return of fines, fees, and restitution. *See, e.g.*, *United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated

3

and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine.").

Here, Kinnison's conviction was "invalidated" when the D.C. Circuit vacated it, and thus "there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction." *Ajrawat*, 738 F. App'x at 139. The government thus agrees that, so long as the Clerk of Court confirms that Kinnison paid the special assessment and restitution he seeks to have returned, he is entitled to reimbursement of those payments.[2]

                                      Respectfully submitted,

                                      EDWARD R. MARTIN, JR.
                                      United States Attorney
                                      D.C. Bar No. 481866


                     _____/S/_____   Respectfully submitted,

                                      THOMAS T. BALLANTINE
                                      CA Bar No. 208193
                                      Counsel of Record
                                      United States Attorney's Office
                                      for the District of Columbia
                                      601 D Street N.W.
                                      Washington, D.C. 20530
                                      (202) 514-2956
                                      Thomas.Ballantine@usdoj.gov

---

[2] Because the Architect of the Capitol is a governmental entity, the government understands *Nelson* to entitle Kennison to a refund of the restitution. The government does not believe that *Nelson* would require that result had the restitution payment been disbursed to and vested in a third-party victim. *See Osborn v. United States*, 91 U.S. 474, 477 (1875) ("The government can only release what it holds."); *Knote*, 95 U.S. at 154; *Fordham*, 2023 WL 5747709, at * 2 ("Allowing [the defendant] to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court."); *United States v. Reynolds*, 98 F.4th 62, 72 (1st Cir. 2024) (following *Nelson*, but declining to decide "whether the different considerations that might arise where forfeited property had been distributed to victims before a defendant's death would call for a different result").

JENNIFER LEIGH BLACKWELL
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov (202) 252-7068