# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-392-5 (RCL) |
| v. : | |
| : | |
| ERICK SCOTT WARNER (3) & : | |
| DEREK KINNISON (5), : | |
| : | |
| **Defendants** : | |

## SUPPLEMENTAL NOTICE TO
## THE COURT ON LOCATION OF FUNDS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, presents this supplemental notice as directed by the Court's June 4, 2025, Minute Order. The government respectfully requests leave to file this response on June 10, 2025, instead of June 9, 2025, as ordered under the Minute Order.

The United States inquired of the Clerk of the Court regarding the location of monies paid by Mr. Warner and Mr. Kinnison. There were two sets of payments for each. The special penalty assessments (of $100 each) were paid and then deposited in the Crime Victims' fund. The defendants made their restitution payments to the clerk and they were disbursed to the victim before January 20, 2025, the date when President Trump issued their pardons. The restitution was disbursed using the Intra-governmental Payment and Collection System to a vendor code associated with the Architect of the Capitol.

When Mr. Warner and Mr. Kinnison were incarcerated, the Bureau of Prisons sent small payments from their inmate accounts toward their financial obligations *after* they had been paid in full. That led to overpayments, which have been or will be administratively corrected.

In sum, the special assessments and restitution were paid to the Clerk and disbursed as ordered by the Court before the pardons. An issue remains because the defendants' cases were on

appeal when the pardons issued. At the time of the pardons, the President directed the Attorney General to pursue dismissal with prejudice of all pending cases. That included the appeals, setting up a posture similar to *Nelson v. Colorado*, 581 U.S. 128 (2017), which the government addressed in its response to Mr. Kinnison's motion. ECF No. 541, at 3.

The government notes that in a similar matter, this Court found that that *Knote v. United States*, 95 U.S. 149 (1877), applied instead of *Nelson. See Mem. Op. in United States v. Sullivan*, 21-CR-00078 (RCL) (May 20, 2025), ECF No. 171. That case pertained to funds which were being retained by the United States Marshals for purposes of forfeiture, however, and not restitution as in this case.

The Appropriations Clause provides that "No money shall be drawn from the Treasury but in consequence of appropriations made by law." Article I, Section 9, Cl. 7. Nonetheless, the United States government does receive funds on occasion to which it is not entitled. To address this fact, Congress included provisions for refunds in as part of the general appropriation statute for the Department of Treasury. 18 U.S.C. § 1322. Specifically, Congress appropriates funds under 31 U.S.C. § 1322(b)(2) for the refund of monies erroneously deposited into the miscellaneous receipt accounts.

> (b) Except as provided in subsection (c) of this section, necessary amounts are appropriated to the Secretary of the Treasury to make payments from —
>
> \* \* \*
>
> (2) the United States Government account "Refund of Moneys Erroneously Received and Covered" and other collections erroneously deposited that are not properly chargeable to another appropriation.

31 U.S.C. § 1322(b)(2). The Department of Treasury has established account 20X1807 to address the refund of monies erroneously received and covered. As noted in the Treasury Financial Manuel ("TFM") at Chapter 6, Section 3045:

> When agencies can trace the amount subject to refund as erroneously credited to an appropriation account, the agency should charge the refund claim to that appropriation account whether lapsed, current, reimbursable, or nonreimbursable. Agencies may charge account 20X1807 only when depositing collections into the Treasury as miscellaneous receipts and the refund is not properly chargeable to any other appropriation.

Treasury Financial Manual, 6-3045 (available at TFM, last visited on May 27, 2025). *See also Reynolds v. Alabama DOT*, No. 85-cv-665-MHT, 2007 U.S. Dist. LEXIS 100441, at *16-19 (M.D. Ala. Nov. 30, 2007). Thus, if the Court enters an order directing that the fees and restitution be paid to the defendants, the Clerk of Court would be authorized under 31 U.S.C. § 3122(b) and 1 TFM 6-3045 to disburse those funds from the designated account. Thus, there is statutory authority to support the refund of previously paid funds to correct an erroneous deposit of money into the Treasury.

In this case, even though the Mr. Warner and Mr. Kennison received pardons, their convictions were vacated on appeal. There were no final convictions and, under *Nelson*, they are entitled to a return of the funds erroneously deposited into the Treasury.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Jennifer Blackwell*
JENNIFER BLACKWELL
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7068

THOMAS T. BALLANTINE
CA Bar No. 208193
(202) 514-2956
Thomas.Ballantine@usdoj.gov

3